**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**
**CENTRAL DIVISION**

| | |
|---|---|
| **CHRISTINE MARTIN, an individual,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**SGT INC., a Wyoming corporation f/ka/ TGT, INC., and TIMOTHY G. TASKER, an individual,**<br><br>**Defendants.** | **RULING & ORDER**<br><br>**Case No. 2:19-cv-00289**<br><br>**United States District Court Judge Robert J. Shelby**<br><br>**Magistrate Judge Dustin B. Pead** |

## INTRODUCTION

This case is before the court pursuant to a 28 U.S.C. § 636(b)(1)(A) referral from District Court Judge Robert Shelby. (ECF No. 45.) On June 19, 2019, Defendants SGT Inc. and Timothy Tasker (collectively "Defendants") filed their pending motion to stay "discovery, deadlines, and other proceedings" (ECF No. 21) until after resolution of Defendant's pending motions to dismiss (ECF No. 11, ECF No. 31.) Plaintiff Christine Martin ("Plaintiff) opposed the motion, arguing a stay would "delay Plaintiff having her day in court." (ECF No. 28.)

## STANDARD OF REVIEW

In a civil action, the court has broad discretion to stay discovery to protect the parties from undue burden and expense and to promote judicial economy. *See Diaz v. The Paul J. Kennedy Law Firm*, 289 F.3d 671, 674 (10th Cir. 2002); *Entyce Group, LLC v. Moon Dance 2009*, *LLC*, 2010 U.S. Dist. LEXIS 11227 *5 (*citing Landis v. North American Co.*, 299 U.S. 248, 254-55, 57 S. Ct. 163, 81 L. Ed. 153 (1936)). When determining whether to grant a stay, the court "must weigh competing interests and consider the effects of the stay on the Court's docket,

on counsel, and on the litigants." *Utah v. Eli Lily & Co.*, 509 F. Supp.2d 1016, 1019 (D. Utah 2007); *see also Gale v. Brinker Int'l Payroll Co., L.P.*, 2010 U.S. Dist. LEXIS 104168 *4 (D. Utah 2010) (citation and quotation marks omitted) (encouraging the court to consider whether a stay would "promote judicial economy", "avoid confusion and inconsistent results" and "unduly prejudice the parties or create undue hardship."). When exercising its discretion, relevant factors to consider include: "(1) the interest of the plaintiffs in proceeding expeditiously with discovery and the potential prejudice to the plaintiffs of a delay; (2) the burden on the defendants of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interest of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery." *String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955 at *2 (D. Colo. Mar. 30, 2006).

There is no express authority for a court to stay proceedings under the federal rules. Rather, the power to do so is considered "incidental" to the court's inherent right to control and manage its docket. *Morgan v. Clements*, 2013 U.S. Dist. LEXIS 33935 *5 (D. Colo. 2013). As a result, any decision to stay depends greatly on the specific "facts and progress in each case." *White Knuckle IP, LLC v. Elec. Arts. Inc.*, 2015 U.S. Dist. LEXIS 112162 *3 (D. Utah 2015) (citation and quotation omitted).

## **ANALYSIS**

After consideration of the relevant factors, the court rules as follows and grants Defendants' motion to stay.

### **Good Cause**

The mere pendency of a dispositive motion, in and of itself, is generally not sufficient to support the issuance of a stay. *See Bethpage Water Dist. v. Northrop Grumman Corp.*, 2014 U.S.

Dist. LEXIS 168468 *3-4 (E.D.N.Y. Dec. 3, 2014) (citation omitted). Yet, courts have determined that good cause may exist where a pending motion could dispose of the entire action and discovery is not necessary to rule on the dispositive matter. *See Miller v. United States*, 710 F.2d 656, 666-67 (10th Cir. 1983). Here, Defendants' motion to dismiss raises several dispositive issues including: (1) subject matter jurisdiction; (2) personal jurisdiction; (3) improper venue; and (4) failure to state a claim---any of which could resolve this case in its entirety. As a result, the court finds good cause exists to support a stay.

**Balancing Judicial Economy with Efficiency**

Another relevant factor is judicial economy. Here, Defendants argue that a stay will promote judicial economy by limiting the time and expense of discovery until after the District Court addresses dispositive jurisdictional issues. The court agrees and is eager to save the valuable resources of the litigants, court and the public. *See Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources."). In turn, any savings are directly proportional to the timing and length of any stay imposed. Here, savings are optimized given that any litigation delay is defined and limited. Currently, Defendants' motions to dismiss are almost fully briefed[1] and oral argument is scheduled before the District Court on October 31, 2019. (ECF No. 32.)

[1] The only remaining briefing is Defendants' reply to its second motion to dismiss for lack of jurisdiction. (ECF No. 31.)

**Procedural Posture**

Defendants further argue, and the court agrees, that the procedural posture of the case supports a stay. The original complaint was filed in April 2019. (ECF No. 2.) However, as of this date, the parties have not held a rule 26(f) discovery conference, filed a proposed scheduling order or started discovery.

**CONCLUSION**

The question of a whether to issue a stay requires the court to balance two legitimate, yet competing, interests: Defendants' interest in saving unnecessary discovery costs with Plaintiff's interest in avoiding delay and moving the case forward. In this case, after consideration of relevant factors, the court finds that a temporary stay is warranted. Accordingly,

Defendants' motion for a stay is GRANTED (ECF No. 21);

Plaintiff's motion for an initial Scheduling Conference (ECF No. 22); and Defendants' motion to quash (ECF No. 36) are MOOT.

If appropriate, no later than ten (10) days after the District Court issues its ruling on the motion to dismiss the parties shall meet and confer and file a proposed, stipulated scheduling order for final entry by the court.

DATED this 21st day of August 2019.

BY THE COURT:

Dustin B. Pead
U.S. District Magistrate Judge